## MARTIN v. NORMAN & SON.

Opinion delivered February 19, 1917.

1. JUDGMENT LIEN—JUDGMENT OF INFERIOR COURT—FILING IN CIRCUIT COURT.—In order that the judgment of an inferior court may become a lien on real estate, when filed in the office of the circuit clerk in the manner provided by statute, it is necessary for the judgment or record of the proceedings to show that the court rendering the judgment had jurisdiction of both the person and the subject matter.

2. LIENS—MORTGAGE AND JUDGMENT—PRIORITY.—One D. executed a deed of trust upon certain lands to appellant, which was filed for record on June 12, 1915; appellant sought to foreclose the same, but appellee intervened setting up a judgment on May 1, 1915, against D., before a magistrate and filed with the circuit clerk on May 29, 1915. This judgment did not recite service upon D. On May 29, 1916, appellee procured a *nunc pro tunc* judgment in the magistrate's court which recited service, and filed the same in the circuit clerk's office on May 31, 1916. *Held*, the lien of appellant's deed of trust was superior to appellee's judgment.

Appeal from Nevada Chancery Court; *Jas. D. Shaver*, Chancellor; reversed.

*McRae & Tompkins*, for appellant.

1. Justices' courts are inferior courts of the lowest grade, possessing only special limited jurisdiction and their judgments must show jurisdiction of the person and subject matter. No lien was created by the judgment on the land. 6 Ark. 182; 5 *Id.* 27; 87 *Id.* 313; 23 Cyc. 848; 7 Ark. 159; 103 *Id.* 446. All essential facts to show jurisdiction must appear in such judgments. No presumptions of validity will be indulged. 16 Ark. 105-9; 45 *Id.* 101; 23 Cyc. 1082, etc.; 103 Ark. 446; 59 *Id.* 483; 54 *Id.* 627; 52 *Id.* 312.

2. Such judgments are void on collateral attack. 59 Ark. 483, 487. No service was shown and the judgment created no lien when filed in the circuit clerk's office. Cases *supra*. The *nunc pro tunc* order and amended judgment was also void. 72 Ark. 185; 92 *Id.* 299. It could not affect the rights of innocent third parties. 75 Am. Dec. 107; 23 Cyc. 833; Cent. Dig. §§ 633, 1334; 17 Am. & Eng. Enc. 823.

3. The court properly reformed the deed of trust. 51 Ark. 433. The filing of the bill created a lien and appellees were charged with notice. 98 *Id.* 105.

*J. O. A. Bush*, for appellees.

1. If the original judgment was not a lien, the corrected judgment showed all jurisdictional facts and it became a lien as of the date of the original judgment. Appellant cannot attack it collaterally or otherwise; he had no lien until the court reformed the deed of trust. So appellee's lien is prior and superior. The propositions are elementary and no citations of authority are needed.

The judgment was duly rendered and certified. Only the fact of service upon defendant was left out of the original. But this was cured by the *nunc pro tunc* order and corrected judgment and was a first lien on the land, prior to appellants.

HUMPHREYS, J.      Appellant, Clint Martin, brought suit in the Nevada Chancery Court against C. T. Dickerson to reform and foreclose a deed of trust executed by Dickerson to appellant on January 22, 1915. The deed of trust was filed for record June 12, 1915. The appellee Norman & Son, intervened, setting up a judgment obtained May 1, 1915, before a magistrate, and filed in the circuit clerk's office on May 29, 1915, and claiming under it a prior lien to the lien claimed by appellant under his deed of trust on said real estate. Appellant filed an answer to the intervention, denying the validity of the judgment for want of service on C. T. Dickerson. The judgment did not recite service.

Viola Pearl Rentz, an heir of a former owner, intervened, and the court decreed an undivided one-eighth interest to her in said real estate without objection of the parties to the suit.

Before this cause was tried, and on May 29, 1916, appellee procured a *nunc pro tunc* judgment in the magistrate's court which recited service, and on May 31, 1916, filed the amended judgment in the circuit clerk's office.

On the trial appellant introduced his note and deed of trust and appellee introduced the original and amended judgments. The transcript certifying each judgment to the circuit clerk's office contained a summons, but neither summons was incorporated in the judgment. The summons attached to the original judgment was issued on April 1, 1915, returnable on May 1, 1915. The return thereon showed it was served on the 19th day of May, 1915, or nineteen days after the judgment was rendered. The summons attached to the amended judgment was issued the 1st day of April, 1915, returnable on the 1st day of May, 1915, and the return shows that is was served on the 17th day of April, 1915. The original judgment recited that an execution had been issued and returned *nulla bona.* The amended judgment contained no such recital. The record contains a copy of the motion filed before the justice of the peace for a *nunc pro tunc* order. The record is silent as to whether

notice was served on any one before the motion for the *nunc pro tunc* order was filed or considered.

Upon the pleadings and evidence the court reformed the deed of trust so as to describe the real estate correctly; ordered the lands sold and the part of the proceeds belonging to C. T. Dickerson to be applied first to the payment of Norman & Son's judgment; then on appellant's deed of trust. From the decree adjudging appellee's judgment a first lien on said real estate this appeal is prosecuted.

Appellant contends that the deed of trust is a first and prior lien on said real estate for the reasons, that the original judgment omitted to recite service and that the judgment as corrected by the *nunc pro tunc* order was filed after the issues had been joined in this suit.

In order that the judgment of an inferior court may become a lien on real estate, when filed in the office of the circuit clerk in the manner provided by statute, it is necessary for the judgment or record of the proceedings to show that the court rendering the judgment had jurisdiction of both the person and subject matter. Otherwise, it will create no lien upon the land of the judgment debtor so as to interfere with rights of third parties acquired before the judgment is amended or corrected by a *nunc pro tunc* order. See 23 Cyc., p. 846, and authorities cited in support of the text.

In this case the deed of trust was filed on June 12, 1915, and the *nunc pro tunc* judgment on May 31, 1916. The appellee had become a party to this suit and knew of the equitable mortgage claimed by appellant on the land under the trust deed, before the *nunc pro tunc* order correcting the original judgment was procured.

The decree is therefore reversed with instructions to, declare the lien of appellant prior to the lien of appellee on the interest of C. T. Dickerson in said real estate or the proceeds thereof.